**JWB**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Arthur Aguirre, | No. CV 1-08-0980-FRZ |
| Plaintiff, | **ORDER** |
| vs. | |
| R. Lopez, et al., | |
| Defendants. | |

Plaintiff Richard Arthur Aguirre, who is confined in the Kern Valley State Prison (KVSP) in Delano, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and subsequently lodged a Second Amended Complaint (SAC) (Doc. # 17).[1] By Order dated March 24, 2009, the Court granted Plaintiff's Motion for Leave to File his SAC and ordered Defendants Lopez, Adams, Fields, Jennings, and Kavanaugh to answer Count I of the SAC and dismissed the remaining claim and defendant without prejudice (Doc. # 16).

On April 16, 2009, Plaintiff filed a Motion for Reconsideration of the Court's March 24, 2009 Screening Order (Doc. # 18).

**I.     Motion for Reconsideration**

In his Motion for Reconsideration, Plaintiff requests that the Court reconsider its dismissal of Count II—Plaintiff's claim that Grannis failed to timely respond to his grievance

---

[1] Plaintiff's Second Amended Complaint was lodged at Doc. # 15 and ordered filed at Doc. # 17.

**JDDL**

1   appeal, thereby preventing Plaintiff from exhausting his claims before presenting them in
2   federal court. Specifically, Plaintiff argues that he has a protected liberty interest in the
3   California Code of Regulations' established appeal procedures and the Court erred in failing
4   to take supplemental jurisdiction over this claim. Plaintiff also requests leave to file an
5   interlocutory appeal and a stay of service of Count I pending resolution of the instant motion
6   for reconsideration and interlocutory appeal.

7   Reconsideration is only appropriate if the district court "(1) is presented with newly
8   discovered evidence, (2) committed clear error or the initial decision was manifestly unjust,
9   or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah
10  County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). The Court has reviewed the
11  allegations against Grannis in Plaintiff's SAC and finds no error in its dismissal of Count II.
12  Plaintiff fails to allege any affirmative conduct on Grannis's part to establish a violation of
13  his constitutional rights. At most, Plaintiff alleges a failure to respond to his grievance
14  appeal, but as stated in the Court's prior Order, there is no constitutional right to a *particular*
15  *grievance procedure*. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Plaintiff
16  absolutely does not allege that Grannis deliberately prevented Plaintiff from filing any
17  grievances; indeed, Plaintiff's SAC acknowledges that he was able to file his grievance
18  appeal. The cases cited by Plaintiff in his Motion for Reconsideration are inapposite to the
19  facts presented in the SAC. Nor has Plaintiff identified a cognizable state law claim over
20  which the Court could properly invoke supplemental jurisdiction. The Court will deny
21  Plaintiff's Motion for Reconsideration.

22  Plaintiff further seeks leave to file an interlocutory appeal; that request will be denied
23  as moot as Plaintiff has already filed a notice of appeal. And to the extent Plaintiff seeks a
24  stay of these proceedings pending the resolution of his appeal, that request will be denied.

25  **II.   Warnings**
26  **A.    Address Changes**
27  Plaintiff must file and serve a notice of a change of address in accordance with Rule
28  83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include

1  a motion for other relief with a notice of change of address.  Failure to comply may result in
2  dismissal of this action.

3  **B.    Copies**

4  Plaintiff must submit an additional copy of every filing for use by the Court.  See
5  LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further
6  notice to Plaintiff.

7  **IT IS ORDERED** Plaintiff's April 13, 2009 Motion for Reconsideration (Doc. # 18)
8  is **denied.**

9  **IT IS FURTHER ORDERED** that the Clerk of Court must update the docket to
10 reflect J. Kavanaugh as a Defendant in this action.

12 DATED this 10th day of June, 2009.

       FRANK R. ZAPATA
       United States District Judge