IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Aguirre,             )<br>               )<br>    Plaintiff,      )<br>               )<br>vs.            )<br>               )<br>R. Lopez; D. Adams; F. Fields;   )<br>M. Jennings; and J. Kavanaugh,  )<br>               )<br>    Defendants.    )<br>_____) | No. CV 1-08-980-FRZ<br><br>**ORDER** |

Plaintiff Richard Arthur Aguirre, confined in the Kern Valley State Prison (KVSP) in Delano, California, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, Plaintiff's Eighth Amendment rights were violated when Defendants deprived him of outdoor exercise from September 29, 2007 to July 9, 2008.

The action is proceeding only as to Count One of the Second Amended Complaint against Defendants Lopez, Adams, Fields, Jennings and Kavanaugh.

The Court's original screening order, filed March 24, 2009, denied Plaintiff's initial motion for appointment of counsel based on the Court's finding that this action presents no "exceptional circumstances" requiring the appointment of counsel and that Plaintiff is in no different a position than other *pro se* litigants who have brought nearly identical claims.

Pending before the Court is Plaintiff's renewed motion for appointment of counsel, alleging exceptional circumstances due to Plaintiff's medical condition and medical treatment.

1     Counsel will only be appointed in a civil rights action in which there exists
2 "exceptional circumstances." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101,
3 1103 (9th Cir. 2004); *Terrell v. Brewer,* 935 F.3d 1015, 1017 (9th Cir. 1991); *Wilborn v.*
4 *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of the exceptional
5 circumstances of the plaintiff seeking assistance requires at least an evaluation of the
6 likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability
7 to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*,
8 390 F.3d at 1103 (*citing Wilborn*, 789 F.2d at 1331 (*quoting Weygandt v. Look*, 718 F.2d
9 952, 954 (9th Cir. 1983)). Plaintiff is able to articulate his claims on the issues presented and
10 his assertions fail to establish the existence of the requisite exceptional circumstances for
11 appointment of counsel. Accordingly, Plaintiff's renewed motion shall be denied.

12     IT IS ORDERED that Plaintiff's Renewed Motion for Appointment of Counsel [Doc.
13 28] is DENIED.

15     DATED this 20th day of July, 2010.

                                     FRANK R. ZAPATA
                                     United States District Judge