IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Aguirre,            ) | No. CV 1-08-980-FRZ |
|   )    Plaintiff,           ) | **ORDER** |
|                             ) | |
| vs.                         ) | |
|                             ) | |
| R. Lopez; D. Adams; F. Fields; ) | |
| M. Jennings; and J. Kavanaugh. ) | |
|                             ) | |
|     Defendants.             ) | |

Pending before the Court in this matter is Plaintiff's request for the Clerk of the Court to issue a "AO88 (Rev. 12/07) Subpoena in a Civil Case" (Doc. 41); Plaintiff's Second Motion for Continuance to the Court's Scheduling Order (Doc. 42); Plaintiff's requests for "civil subpoena" (Docs. 44 and 47); Defendants' Request to Conduct Deposition Via Videoconference (Doc. 48); Plaintiff's Objection to Defendants' November 3, 2011, Deposition Notice (Doc. 50); Plaintiff's Motion for Appointment of Counsel (Doc. 49); and Defendants' Ex Parte Request for Order on Plaintiff's Objection to Defendants' November 3, 2011 Deposition Notice (Doc. No. 50) and Expedited Ruling (Doc. 51).

Plaintiff's requests for a civil subpoena form shall be granted. The Clerk of the Court shall be directed to attach a copy of AO88, as requested, to this Order and mail to Plaintiff.

In regard to Plaintiff's Second Motion for Continuance to the Court's Scheduling Order, the Court finds Plaintiff's request unreasonable. Although a previous continuance was granted, in part based on Defendants' notice of non-opposition, Plaintiff's present request to once again continue deadlines based on the continuance of an unrelated criminal

1  action in state court and Plaintiff's in-custody relocation does not present good cause for an
2  additional extensive continuance. Moreover, as Defendants assert, such a continuance would
3  likely prejudice the Defendants in defending this action brought against them.

4  Moreover, the Court has inherent authority to manage its docket. See *Oliva v.*
5  *Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

6  Defendants Request to Conduct Depositions Via Videoconference shall be granted
7  and Plaintiff's objection, requesting that the Court find Defendants' deposition notice invalid
8  absent leave of the Court, shall be denied. A separate Order granting Defendants' request
9  pursuant to Federal Rule of civil Procedure 30(b)(4) shall issue.

10  Plaintiff further objects to the November 3, 2011 deposition notice on the basis that
11  his incarceration status presents exceptional circumstances under Rule 30(a) of the Federal
12  Rules of Civil Procedure and that the Court has not ruled on his request to have counsel
13  "represent him at any upcoming deposition and any future proceedings."

14  As the Court explained in its previous rulings, the appointment of counsel in a civil
15  rights case is required only when exceptional circumstances are present. *Aldabe v. Aldabe*,
16  616 F.2d 1089 (9th Cir. 1980); *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). "A
17  finding of exceptional circumstances requires an evaluation of both 'the likelihood of success
18  on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the
19  complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331 (quoting *Weygandt v.*
20  *Look*, 718 F.2d 952, 954 (9th Cir. 1983)). In reviewing these factors together, the Court
21  again finds that this action presents no "exceptional circumstances" requiring the
22  appointment of counsel at this time. The Court reiterates that Plaintiff is in no different a
23  position than other *pro se* litigants who have brought nearly identical claims. Accordingly,
24  Plaintiff's third motion for appointment of counsel in this action will be denied.

25  Based on the foregoing,

26  IT IS ORDERED that Defendants' Ex Parte Request for Order on Plaintiff's
27  Objection to Defendants' November 3, 2011 Deposition Notice (Doc. No. 50) and Expedited
28  Ruling (Doc. 51) is GRANTED;

1    IT IS FURTHER ORDERED that Defendants' Request to Conduct Deposition Via
2 Videoconference (Doc. 48) is GRANTED; a separate Order shall issue;
3    IT IS FURTHER ORDERED that Plaintiff's requests for a copy of a civil subpoena
4 form set forth in three separate motions (Doc. 41, 44 and 47) is GRANTED;
5    IT IS FURTHER ORDERED that Plaintiff's Second Motion for Continuance to the
6 Court's Scheduling Order (Doc. 42) is DENIED;
7    IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel
8 (Doc. 49) is DENIED.

10   DATED this 31st day of October, 2011.

                                           Frank R. Zapata
                                           Senior United States District Judge