IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Aguirre, | ) No. CV 1-08-980-FRZ |
| Plaintiff, | ) ORDER |
| vs. | ) |
| R. Lopez; D. Adams; F. Fields; M. Jennings; and J. Kavanaugh. | ) |
| Defendants. | ) |

Pending before the Court for consideration are six separate discovery motions filed by Plaintiff in this action, including four motions to compel, a motion for Court appointed expert, and a "Motion for Privacy Protection Under 5.2."

Also pending is Defendants' Motion for Summary Judgment, filed February 27, 2012.

Plaintiff correctly contends in his replies to Defendants' oppositions to the motions to compel, citing *Hebbe v. Pliler*, 627 F.3d 338 n.7 (9th Cir. 2010), that the filings of *pro se* litigants are "entitled to a liberal reading."  However, as Defendants contend, "[a]lthough plaintiff's *pro se* status entitles him to special consideration under some circumstances, compliance with procedural rules is inflexible. "Pro se litigants must follow the same rules of civil procedure that govern other litigants." See *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987).  ... Plaintiff's *pro se* status does not excuse his failure to comply with the Federal Rules of Civil Procedure.

This order addresses Plaintiff's discovery motions.

1    A separate order shall issue pursuant to *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012),
2    providing Plaintiff, again with fair notice of, and advising of the requirements in responding
3    to a summary judgment under Rule 56 of the Federal Rules of Civil Procedure pursuant to
4    *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

5    **Plaintiff's Rule 37 Motion to Compel Defendants to Answer Interrogatories**

6    In his Rule 37 Motion to Compel Defendants to Answer Interrogatories, Plaintiff
7    challenges the answers of Defendants Lopez, Field and Jennings to Plaintiff's interrogatories
8    as evasive and in violation of the provisions of Rule 33, Fed.R.Civ.P., requesting the Court
9    to issue an order compelling Defendants Lopez, Field and Jennings to answer "Set One's"
10   interrogatories.  Plaintiff's motion further requests that the Court issue an order compelling
11   Defendant Adams to answer "Sets One and Two of Aguirre's interrogatories," challenging
12   the responses as substantively and procedurally improper.

13   Defendants, setting forth the proper legal standard for objections pursuant to the
14   relevant provisions of Rule 33, and setting forth, individually, the objections made by each
15   of the Defendants to the interrogatories propounded by Plaintiff, show that proper objections
16   were made to the discovery requests, and again, that Plaintiff has failed to identify why the
17   objections are not justified.

18   Defendants also contend that Plaintiff has been apprised that Defendants agree to
19   provide supplemental responses to certain interrogatories when they are in receipt of the
20   necessary documentation for Plaintiff's custodial records.

21   Plaintiff has presented no legal or procedural basis upon which the Court should grant
22   the motion to compel answers to the interrogatories as requested.  Accordingly, Plaintiff's
23   motion shall be denied.

24
25   **Plaintiff's Rule 37 Motion to Compel Defendant Adams to Produce Documents for Inspection**

26   Plaintiff's Rule 37 Motion to Compel Defendant Adams to Produce Documents for
27   Inspection requests that the Court issue an order compelling Defendant Adam to produce for
28   his inspection, legal mail log book and entries, or in the alternative, "sworn affidavits" in

1  regard to the unavailability of the discovery sought, to be compelled pursuant to Rule
2  37(a)(4), Fed.R.Civ.P.

3   Defendant Adams, in her response in opposition, sets forth in detail the procedures for
4  the mail system and asserts that all responsive documents have been produced to Plaintiff's
5  requests for which proper objections were not made.  Defendant Adams argues that Plaintiff
6  has failed to identify, under the proper legal standards, why the objections are not justified.
7  Defendant Adams further characterizes Plaintiff's request as "the equivalent of having
8  defendant Adams perform the impossible task of proving a negative."

9   Upon the Court's review and consideration, the Court again finds no basis upon which
10 to grant Plaintiff's request for production.

11 **Plaintiff's Motion for Court Appointed Expert Pursuant to Federal Rule of Evidence 706**
12

13  Plaintiff moves the Court to appoint an expert witness in the field of psychology who
14 specializes in isolation and segregation to support his Eighth Amendment deprivation of
15 outdoor exercise claim and to make the record complete.

16  Defendants oppose Plaintiff's request as falling outside the scope of appointment of
17 an expert under Rule 706, on the basis Plaintiff has not claimed that he personally has
18 suffered any psychological injuries as a result of the alleged lack of outdoor exercise.

19  The Court agrees that under the relevant legal authority, the inquiry at issue does not
20 involve complex medical issues or technical evidence.  See *Walker v. American Home Shield*
21 *Long Term Disability Plan*, 180 F.3d. 1065, 1071 (9th cir. 1999).  Accordingly, Plaintiff's
22 request for a Court appointed expert pursuant to Rule 706, FedR.Evid., shall be denied.

23 **Plaintiff's Motion to Compel Subpoena Responses (Doc. 62)**

24  Plaintiff "moves the Court for assistance to compel responses in the form of producing
25 the requested documents relevant to the subject matter of Count One in the Second Amended
26 Complaint."

27  In opposition, Defendants argue that the subpoenas issued do not purport with the
28 requirements of Rule 45 and moreover, are not relevant to the remaining claim in this action

1   because the allegation of "administrative group appeal" has been dismissed and statewide
2   policies and/or guidelines are not an issue in this matter.

3       The Court agrees and finds that the requested documents are not relevant to the
4   remaining issues and claim. Furthermore, the subpoenas do comply with the procedural
5   requirements of Rule 45.

6   **Plaintiff's Motion for Privacy Protection Under 5.2. (Doc. 65)**

7       In his motion for "privacy protection," Plaintiff requests that "Docket number 28, filed
8   August 14, 2009, be place under permanent seal where viewing by the public is prohibited;
9   and .... [a] Court Order issue forthwith in the form of a Protective Order redacting and/or
10  sealing any mention in any moving papers both now and in the future related to Aguirre's
11  hepatitis C medical history."

12      Defendants, in opposition, contend that they, nor counsel, have any intention to use
13  the information regarding Plaintiff's medical history to embarrass Plaintiff; however, the
14  medical treatment related thereto is relevant to his claim of any physical injury suffered from
15  any lack of outdoor exercise and cannot be adequately redacted from future pleadings.

16      The Court finds, as Defendants contend, that Plaintiff's request is over broad. The
17  Court will however, grant Plaintiff's request that his Motion for Appointment of Counsel
18  (Doc. 28), replete with medical information which Plaintiff filed, be filed under seal at this
19  time. Plaintiff's request for protective order shall be denied.

20  **Plaintiff's Motion to Compel Production of Documents as to Defendant Adams and**
21  **Lopez Under Rule 37**

22      Plaintiff requests the production of documents to which Defendants have objected to
23  in response to Plaintiff's propounded requests for production.

24      In a detailed opposition, setting forth the proper legal standard for the discovery
25  sought, Defendants set forth the each specific request for production at issue, the objections
26  by the Defendants thereto, and a discussion as to the relevancy or unavailability of the
27  discovery sought. Defendants conclude that all responsive documents in possession have
28  been produced and request that the Court deny Plaintiff's motion to compel accordingly.

1    Upon review and consideration of the specific requests for production, the objections
2 and responses thereto, again the Court finds no basis upon which Plaintiff is entitled to his
3 requests. Accordingly, Plaintiff's motion to compel the production of documents sought from
4 Defendants Adams and Lopez shall be denied.

5    Based on the foregoing,

6    **IT IS ORDERED** that Plaintiff's Rule 37 Motion to Compel Defendants to Answer
7 Interrogatories  (**Doc. 54**) is **DENIED**;

8    **IT IS FURTHER ORDERED** that Plaintiff's Rule 37 Motion to Compel Defendant
9 Adams to Produce Documents for Inspection (**Doc. 55**) is **DENIED**;

10    **IT IS FURTHER ORDERED** that Plaintiff's Motion for Court Appointed Expert
11 Pursuant to Federal Rule of Evidence 706 (**Doc. 60**) is **DENIED**;

12    **IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave of Court to
13 Supplement Proposed Witness List (**Doc. 61**) is **DENIED** as moot (Doc. 76);

14    **IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Subpoena Responses
15 ( (**Doc. 62**) is **DENIED**;

16    **IT IS FURTHER ORDERED** that Plaintiff's Motion for Privacy Protection Under
17 5.2. (**Doc. 65**) is **GRANTED in part** and **DENIED in part**;

18    **IT IS FURTHER ORDERED** that the Clerk of Court **file Docket 28 UNDER SEAL**;

19    **IT IS FURTHER ORDERED** that Plaintiff's request for protective order is
20 **DENIED**;

21    **IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Production of
22 Documents as to Defendant Adams and Lopez Under Rule 37 (**Doc. 68**) is **DENIED**;

23    **IT IS FURTHER ORDERED** that Defendants' Ex Parte Request for Court to Issue
24 Discovery Order, incorrectly reflected as a pending motion (**Doc.35**), in light of the Court's
25 Scheduling Order (Doc. 37) is **DENIED** as moot.

26    DATED this 28th day of September, 2012.

27

28

　　　　　　　　　　　　　　　　　　　　Frank R. Zapata
　　　　　　　　　　　　　　　　　　　　**Senior United States District Judge**